```
STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/18

JOHN A. BARTOLINI,

            Plaintiff,

-against-

INSPECTOR VINCENT CASSELS, INSPECTOR THOMAS KRAMER, WESTCHESTER COUNTY DEPARTMENT OF CONSUMER PROTECTION, and ADMIN. LAW JUDGE JAY HASHMALL,

            Defendants.

No. 17-cv-5671 (NSR)(PED)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff John A. Bartolini ("Plaintiff") commenced the instant action against Defendants Westchester County Department of Consumer Protection ("WCDCP"), WCDCP Inspectors Vincent Cassels and Thomas Kramer, and Administrative Law Judge Jay Hashmall (collectively referred to as ("Defendants")) asserting claims sounding in violations of 42 U.S.C. § 1983. Defendants moved pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint. (ECF No.10, 11.) By Opinion and Order dated June 6, 2018 (the "Opinion and Order"), this Court granted Defendants' motion to dismiss. (ECF No. 19.) In the Opinion and Order, Plaintiff was granted until July 20, 2018 to file an amended complaint in accordance with the opinion which further provided that "failure to timely file an amended complaint will result in the dismissal of this action." (*Id.*)

By letter dated July 17, 2018, Plaintiff sought and was granted a partial extension until August 3, 2018 to file his amended complaint. (ECF No. 20.) By letter dated August 1, 2018, Plaintiff sought and was granted an extension until August 17, 2018, for the purpose of retaining an attorney. (ECF No. 21.) Plaintiff indicated that he has made multiple attempts to find an attorney and has been unable to do so. (*Id.*) By letter dated August 17, 2018, Plaintiff requested and was granted a third and final

1

extension until September 5, 2018 to file an amended complaint. (ECF No. 22.) In his letter, Plaintiff indicates that he "will need an additional two weeks from this date [August 17, 2018] to properly retain counsel and review significant civil rights case law as well as NY case law..." (*Id.*) He further provides that an attorney is in the process of "sending me a retainer agreement to engage him on behalf of the business." (*Id.*) A review of the record reveals that Plaintiff did not timely file an amended complaint by the September 5, 2018 deadline, as required. By letter dated September 7, 2018 and received by the Court on September 10, 2018, Plaintiff requested an additional extension, beyond September 10, 2018, to file an amended complaint as directed. (ECF No. 23.) In his letter, Plaintiff asserts for the first time that he has had difficulty with the U.S. mail and, despite making representations to the contrary, had not retained counsel. (*Id.*) Plaintiff's request for fourth extension was denied. (*Id.*)

By letter dated September 19, 2018, Plaintiff seeks "reconsideration" of his prior denial of an extension of time to timely file an amended complaint in compliance with the Court's Opinion and Order. Defendants oppose the application for reconsideration and the granting of any further extension. (ECF No. 25) For the following reasons, Plaintiff's motion is DENIED.

Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), aff'd sub nom. *Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759 & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, No. 12-CV-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). They are "addressed to the sound

discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

Critically, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, LP*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97-CV-0690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (in moving for reconsideration, " 'a party may not advance new facts, issues, or arguments not previously presented to the Court.' "). Such motions are generally denied " 'unless the moving party can point to controlling decisions or data that the court overlooked.' " *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Applying these principles, Plaintiff's motion must be denied. Plaintiff has failed to make a showing of exceptional circumstances (*Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d at 731) and has failed to demonstrate that the Court misapplied or overlooked controlling decisions. *Analytical Surveys*, 684 F.3d at 52.

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Due to Plaintiff's failure to timely comply, the action is deemed terminated. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 25, to terminate the action, and to mail a copy of this Opinion to Plaintiff and to indicate on the docket that such a mailing was made.

Dated: September 21, 2018
        White Plains, New York

SO ORDERED[1]:

NELSON S. ROMAN
United States District Judge

---

[1] By letter dated September 20, 2018, Plaintiff asserts that he "already filed [an] amended complaint," however, upon a review of the docket, no such filing has been made.